# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

## Airman Basic REYNA R. LOPEZTEGUI
### United States Air Force

## ACM S32209 (rem)

## 9 June 2016

Sentence adjudged 19 November 2013 by SPCM convened at Wright-Patterson Air Force Base, Ohio. Military Judge: Ronald A. Gregory.

Approved Sentence: Confinement for 30 days.

Appellate Counsel for Appellant: Major Jeffrey A. Davis.

Appellate Counsel for the United States: Lieutenant Colonel Steven J. Grocki; Major Daniel J. Breen; Captain Collin F. Delaney; and Gerald R. Bruce, Esquire.

Before

MITCHELL, DUBRISKE, and ZIMMERMAN[*]
Appellate Military Judges

OPINION OF THE COURT
UPON REMAND

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MITCHELL, Senior Judge:

Appellant pled guilty at a special court-martial to one specification of absence without leave, in violation of Article 86, UCMJ, 10 U.S.C. § 886. A panel of officer members convicted her of the greater offense of desertion, in violation of Article 85,

---

[*] Judge Zimmerman participated in this decision prior to her retirement.

UCMJ, 10 U.S.C. § 885. The members sentenced her to a bad-conduct discharge and confinement for 30 days. The convening authority approved the sentence as adjudged.

Appellant asserted the following errors before our court: (1) her sentence was legally and factually insufficient because it was based on the members' mistake of law, and (2) a post-trial processing error occurred because the staff judge advocate's recommendation (SJAR) and its addendum failed to accurately address the alleged error in the members' sentencing decision. The majority of the panel found no materially prejudicial error and affirmed the findings and sentence. *United States v. Lopeztegui*, ACM S32209 (A.F. Ct. Crim. App. 11 May 2015) (unpub. op.).

Our superior court granted review on the issue of whether the SJAR and its addendum were erroneous because they did not provide accurate information to the convening authority. The court reversed our decision, set aside the convening authority's action and remanded for a new post-trial recommendation and associated post-trial processing. *United States v. Lopeztegui*, 75 M.J. 49 (C.A.A.F. 2015).

On remand, the convening authority approved the 30 days of confinement. Appellant does not raise new issues before this court and her prior assignments of error are mooted by the new post-trial processing and action.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court